|2FOIL, Judge.
This appeal challenges a trial court’s factual determination that an automobile accident did not occur during the course and scope of a police officer’s employment with the defendant police department. We find no error in that ruling, and affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On February 19, 1994, Felicia Maze was killed in a vehicular accident when her fian-cée, Marvin Grogan, drove his Mazda Proté-gé into the path of an oncoming vehicle. Felicia’s parents, Ivy Jean and Darrell Maze, filed survival and wrongful death actions against Grogan and his automobile insurer, State Farm Mutual Automobile Insurance Company, along with the driver of the other vehicle and his liability carrier. Plaintiffs also named as defendants the Patterson Police Department and the City of Patterson, alleging that at the time of the fatal accident, Grogan was acting within the course and seope of his employment as a Patterson police officer.
At the conclusion of the trial, the court ruled that Grogan was negligent and that his negligence caused the accident. However, the court found that Grogan was not in the course and scope of his employment at the time of the tortious act, and entered judgment in favor of the Police Department and the City. This appeal, taken by plaintiffs, followed.
DISCUSSION
The only issue in this appeal is whether the Patterson Police Department and the City of Patterson are vicariously liable for Grogan’s tortious conduct. Vicarious liability arises from La.C.C. art. 2320, which imposes liability on employers for damage occasioned by their employees in the exercise of the functions in which they are employed. Two essential elements must be *1170 established before liability of the employer attaches: (1) the existence of an employer-employee relationship and (2) the tortious act of the employee was committed during the course and scope of the employment by the employer sought to be held liable.
|gAs a general principle, an employer is responsible for the negligent acts of its employee when the conduct is so closely connected in time, place and causation to the employment duties of the employee that it constitutes a risk of harm fairly attributable to the employer’s business. Orgeron v. McDonald, 93-1353, p. 4 (La.7/5/94); 639 So.2d 224, 227. In a negligence case such as this, it need only be determined whether the employee’s general activities at the time of the tort were within the scope of his employment rather than the tortious act itself. Ermert v. Hartford Insurance Co., 559 So.2d 467, 478 (La.1990); Emoakemeh v. Southern University, 94-1194 (La.App. 1 Cir. 4/7/95); 654 So.2d 474, 477.
In support of their claim that the conduct of Grogan fell within the course and scope of his employment as a police officer, plaintiffs rely on the case of Johnson v. Dufrene, 433 So.2d 1109 (La.App. 4th Cir.1983), which involved an injury caused by an off-duty police officer while that officer was driving a vehicle owned by his employer. The court in Du-frene outlined four considerations courts look to in determining whether an employer is subject to vicarious liability where an employee is operating the employer’s vehicle. Plaintiffs’ brief focuses on the factors outlined in Dufrene; however, it is clear that Grogan was driving his personal vehicle at the time of the accident, and the considerations presented in Dufrene simply do not apply in this case.
Factors to be considered in determining whether an employer is liable for the tortious act of an employee include whether the tortious act: (1) was primarily employment rooted; (2) was reasonably incidental to the employee’s duties; (3) occurred on the employer’s premises; and (4) occurred during the hours of employment. LeBrane v. Lewis, 292 So.2d 216, 218 (La.1974); Emoakemeh v. Southern University, 94 1194 (La. App. 1 Cir. 4/7/95); 654 So.2d at 476. It is not necessary that each of these factors be present in each case, and each case must be decided on its own merits. Id. However, at a minimum, at least one of these factors must be present for the employer’s liability to attach. Washington v. Reed, 624 So.2d 465, 467 (La.App. 2 Cir.1993).
|4The facts pertinent to this inquiry can be summarized as follows: Grogan was employed as a patrolman by the Patterson Police Department. On February 17, 1994, Grogan was off-duty and was not scheduled to return to work until February 21. On February 19th, Grogan and Ms. Maze spent the day shopping and got together with some friends for a crawfish boil. Officer Willard Billiot, another patrolman employed by the Patterson Police Department, was on duty that evening when he was contacted to work a security detail at a skating rink in Patterson. Since Officer Billiot was unable to work the off-duty security detail, he had the Police Department’s dispatcher contact Grogan to work the detail.
Grogan accepted the assignment, and he and Felicia left the crawfish boil in Grogan’s red Mazda Protégé. They planned for Felicia to drop him off at the skating rink, return to the party, then pick him up when the detail was over. The fatal accident occurred shortly before 9:00 P.M. that evening, while Grogan and Ms. Maze were driving to the skating rink.
Officer Billiot testified that he asked permission from his superior in the Police Department to work the off-duty security detail, and was told that he could do so. He testified that the manager contacted him directly when she needed security at the rink. He attested that if he was off-duty, he would take the assignment; however, when he was working for the force, he would contact Gro-gan. The off-duty police officers were paid directly by the manager of the skating rink.
In support of their argument that Grogan was in the course and scope of his employment at the time of the fatal accident, plaintiffs urge that his conduct was an integral part of his employer’s business, stating that Grogan’s “ability to safely traverse and drive around the city while working is undoubtedly *1171 within the course and scope of his employment.” They contend the job of a police officer is a twenty-four-hour-a-day one, and focus on evidence showing that Grogan had police equipment in his private vehicle and had conducted police business in the past while he was off-duty. „ In short, they posit, every time Grogan steps into his private vehicle, the Department benefits ^because Grogan is obligated to conduct police business even if he is off-duty by the very nature of his job. Furthermore, Grogan’s conduct in working the detail benefits the City by deterring crime. Because of these benefits, they contend, the Department and the City should be held liable for Grogan’s negligence in driving to the security detail.
In ruling that the tortious act did not occur during the course and scope of Grogan’s employment with the Police Department, the court stressed that Grogan was going to a private security detail in his personal vehicle with a civilian passenger, and was to be paid for his services by the owner of the rink. It noted that the evidence established that the security detail was arranged between the manager of the skating rink and a police officer, and there were no contracts or arrangements relative to the security detail between the manager and the Patterson Police Department or the City of Patterson.
The trial court’s determination that a particular act is within the scope of employment for the purposes of vicarious liability is a factual finding governed by the manifest error rule. Ermert v. Hartford Insurance Company, 559 So.2d at 478. The application of this standard mandates that this court can only reverse a lower court’s factual finding if the record establishes that (1) a reasonable factual basis does not exist for the finding and (2) the finding is clearly wrong. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
Considering the principles of vicarious liability outlined above, we find that the trial court’s conclusion that Grogan acted outside the course and scope of his employment is entirely reasonable. At the time he committed the tortious act, he was driving his personal vehicle to a private security detail during his time off from the police force. The only connection between the Police Department and the security detail was the relaying of a message about the detail from the dispatcher and the fact that the security detail itself was not forbidden by the Chief of Police. However, there is nothing in the record to show that the Department or City arranged for the detail, encouraged it in any way, or derived some unique benefit from it. Although Grogan’s presence at 16the skating rink may indeed deter crime, it is the law-abiding patrons of the facility and the owner and operator of the rink who primarily benefited from his presence there. Under these circumstances, we find no error in the trial court’s conclusion that Grogan’s conduct was not so closely connected in time, place and causation to his employment duties as a police officer so as to be regarded as a risk fairly attributable to his employer, and we decline to disturb that ruling.
Plaintiffs also attempt to raise as error the trial court’s refusal to find that State Farm acted arbitrarily and capriciously in settling the claim against its insured, Marvin Grogan. However, plaintiffs failed to offer any evidence in support of this claim in their case in chief at the trial, and were denied the opportunity to put on such evidence in rebuttal because the insurance question was never raised during the defense’s evidence. Because the issue was not properly presented below, we cannot consider it in this appeal.
CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiffs, Ivy Jean and Darrell Maze.
AFFIRMED.