STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**21-560**


GABRIEL LAGRANGE AND AMANDA
LAGRANGE, INDIVIDUALLY AND ON BEHALF
OF THE MINOR CHILDREN COLLIN LAGRANGE,
JAYCE LAGRANGE, AND LINDSAY LAGRANGE

VERSUS

HARLEY E. BOONE, ROAMER TRANSPORT, INC.,
HUM INTERNATIONAL TRANSPORTATION
INSURANCE SERVICES, INC., KLLM
TRANSPORT SERVICES, LLC D/B/A KLLM
LOGISTICS SERVICES, AMERICAN HONDA
MOTOR CO., INC., AND PROGRESSIVE
SECURITY INSURANCE COMPANY

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 90887-B
HONORABLE LALA B. SYLVESTER, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Sylvia R. Cooks, Chief Judge, Van H. Kyzar and Charles G.
Fitzgerald, Judges.


AFFIRMED IN PART;
REVERSED IN PART AND REMANDED.

**Joseph E. Ritch**
**Elliott & Ritch, LLP**
**321 Artesian Street**
**Corpus Christi, Texas  78401**
**(361) 883-3000**
**Counsel for Plaintiffs/Appellants:**
**Gabriel LaGrange and**
**Amanda LaGrange,**
**Individually and on Behalf of**
**the Minor Children,**
**Collin LaGrange,**
**Jayce LaGrange, and**
**Lindsay LaGrange**

**Jared Dunahoe**
**402 Second Street**
**Natchitoches, Louisiana  71457**
**(318) 352-1999**
**Counsel for Plaintiffs/Appellants:**
**Gabriel LaGrange and**
**Amanda LaGrange,**
**Individually and on Behalf of**
**the Minor Children,**
**Collin LaGrange,**
**Jayce LaGrange, and**
**Lindsay LaGrange**

**Jack E. Truitt**
**Lou Anne Milliman**
**Michelle Mayne Davis**
**Lauren A. Duncan**
**The Truitt Law Firm, LLC**
**149 North New Hampshire Street**
**Covington, Louisiana  70433**
**(985) 327-5266**
**Counsel for Defendant/Appellee:**
**KLLM Transport Services, LLC**
**d/b/a KLLM Logistics Services**

**FITZGERALD, Judge.**

The issue on appeal is whether the trial court erred in granting the defendant's motions for summary judgment and dismissing the plaintiffs' negligence claims.

**FACTS AND PROCEDURAL HISTORY**

This is a personal injury suit arising from a tractor-trailer and motorcycle accident that occurred in Natchitoches Parish in April 2018. The accident was allegedly caused when a tractor-trailer being driven by Harley E. Boone collided with a motorcycle being driven by Gabriel LaGrange. As a result of the accident, LaGrange and his wife, individually and on behalf of their minor children, filed suit against numerous defendants, including KLLM Transport Services LLC d/b/a KLLM Logistics Services.

Plaintiffs' petition alleges that KLLM "contracted the services of Roamer Transport Inc. and its employee Harley E. Boone to provide transport services." The petition also alleges that Boone was an employee of Roamer Transport. But Plaintiffs then allege that KLLM is liable for the negligent acts of its employee Harley E. Boone under the doctrine of respondeat superior. Additionally, Plaintiffs allege that KLLM is negligent in hiring and retaining Roamer Transport; in hiring and retaining Boone as a driver for KLLM; in failing to develop, implement, and enforce a reasonable and prudent carrier safety program to include driver screening, training, and management; and in failing to adhere to safety statutes and regulations.

On May 21, 2020, KLLM filed a motion for summary judgment in which it argued that Plaintiffs had no evidence that it (KLLM) had any role in the transportation services provided by Roamer Transport and carried out by Boone, and that Boone was not an employee of KLLM at the time of the accident. Thus, KLLM contended that Plaintiffs' vicarious liability claim should be dismissed.

The very next day, on May 22, 2020, KLLM filed a second motion for summary judgment. In this motion, KLLM argued that Plaintiffs' negligent-hiring claims should be dismissed because of federal preemption.

The hearing on both motions was held in April 2021. After taking the matter under advisement, the trial court granted summary judgment and dismissed all of Plaintiffs' claims against KLLM with prejudice. In granting KLLM's first motion, the trial court stated that "any state-law claims by Plaintiff sounding in respondeat superior must be dismissed based on KLLM's status as broker and not as employer of Mr. Boone."

As to KLLM's second motion for summary judgment, the trial court first concluded that federal law preempts state-law negligence claims against freight brokers. The trial court then turned its attention to the "safety exception" to the federal preemption law and concluded that the exception does not encompass this type of claim. Thus, Plaintiffs' negligent-hiring claims against KLLM were also dismissed.

A written final judgment was signed by the trial court on May 31, 2021. This appeal by Plaintiffs followed.

On appeal, Plaintiffs assert three assignments of error: (1) whether the trial court erred in finding that there was no genuine issue of material fact as to the broker status of KLLM; (2) whether the trial court erred in finding that the negligent-hiring claims against KLLM were preempted by federal law; and (3) whether trial court erred in finding that the safety exception to the federal preemption law did not apply.

**LAW AND ANALYSIS**

In reviewing the trial court's decision on a motion for summary judgment, we apply the de novo standard of review using the same criteria applied by the trial court

2

to determine whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The burden of proof in summary-judgment proceedings is set forth in La.Code Civ.P. art. 966(D)(1), which states:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

"The only documents that may be filed in support of or in opposition to the motion [for summary judgment] are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La.Code Civ.P. art. 966(A)(4). "The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum." La.Code Civ.P. art. 966(D)(2).

## I.    KLLM's First Motion for Summary Judgment

The trial court correctly dismissed the Plaintiffs' vicarious liability claim against KLLM.

In relevant part, La.Civ.Code art. 2320 states that "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."

There are two essential elements for liability under Article 2320: "(1) the existence of an employer-employee relationship and (2) the tortious act of the employee was committed during the course and scope of the employment by the employer sought to be held liable." *Maze v. Grogan*, 96-1413, p. 2 (La.App. 1 Cir. 5/9/97), 694 So.2d 1168, 1170.

KLLM's first motion for summary judgment points out that Plaintiffs lack factual support for the first element—that Boone was employed by KLLM. The Louisiana Supreme Court recently addressed the employer-employee relationship in *Bolden v. Tisdale*, 21-224, at 13 (La. 1/28/22), --- So.3d ----, ----, explaining as follows:

> The single most important factor to consider in deciding whether the employer-employee relationship exists, for purposes of La. C.C. art. 2320, is the right of the employer to control the work of the employee. *Roberts v. State, Through the Louisiana Health and Human Resources Administration*, 404 So.2d 1221, 1225 (La. 1981) (citing *Hickman v. Southern Pacific Transport Company*, 262 La. 102, 262 So.2d 385 (1972), and *Blanchard v. Ogima*, 253 La. 34, 215 So.2d 902 (1968)). In *Blanchard*, this court stated: "It is the right of control of the time and physical activities in the other party and the existence of a close relationship between the parties which determine that one is a servant." *Id.*, 253 La. at 44, 215 So.2d at 905. This court further stated: "'Servant' must be interpreted as that particular kind of agent who has a very close economic relation to, and is subject to very close control by, the principal. A servant is one who offers his personal services for a price. He is an integral part of his employer's business and must submit to the control of his physical conduct as well as of his time." *Id.*, 253 La. at 47, 215 So.2d at 906. The four primary evidentiary factors considered in deciding whether such an employer-employee relationship exists relate to whether the alleged employer has the right or duty, relative to the employee, of: (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control. *Hillman v. Comm-Care, Inc.*, 01-1140, p. 8 (La. 1/15/02), 805 So.2d 1157, 1162. However, no one factor is controlling; rather, the totality of the

4

circumstances must be considered, and the burden of proof is on the party seeking to establish an employer-employee relationship. *Hillman*, 01-1140 at pp. 8-9, 805 So.2d at 1163.

Put simply, summary judgment on a vicarious-liability claim is appropriate when the uncontested facts show that an alleged tortfeasor was not an employee of the defendant. *Morales v. Davis Bros. Constr. Co.*, 94-902 (La.App. 4 Cir. 12/15/94), 647 So.2d 1302; *see also Franklin v. Dick*, 51,479 (La.App. 2 Cir. 6/21/17), 224 So.3d 1130 (granting summary judgment in favor of a taxicab lessor because the uncontested facts showed that the cabdriver was not an employee of the lessor).

Here, the summary-judgment evidence used by KLLM to point out that Plaintiffs lack factual support to establish an employer-employee relationship between KLLM and Boone includes the affidavit of Cassie Icamina, who is KLLM's vice president of logistics. Icamina's affidavit states in part that KLLM did not pay Boone; that KLLM did not have an employment contract with Boone; that KLLM had no contractual right to exercise supervision and control over Boone; that KLLM did not exercise any supervision or control over Boone; and that KLLM had no role in the transportation of freight.

At this point, KLLM has sufficiently pointed out Plaintiffs' absence of factual support for an essential element of the vicarious-liability claim. Hence, the burden of production under La.Code Civ.P. art. 966(D)(1) now shifts to Plaintiffs to produce evidence of a material factual dispute. In attempting to meet this burden, Plaintiffs submitted certain public records to show that KLLM has both a "broker" DOT number and "carrier" DOT number. The purpose of these documents, according to Plaintiffs, is to show that there is a factual dispute as to whether KLLM was acting as a broker or carrier at the time of the accident. And this brings us to Plaintiffs' first assignment of error: that the trial court erred in finding that there was no genuine

5

issue of material fact as to the broker status of KLLM. Indeed, a genuine dispute here would create a genuine issue of material fact as to the existence of an employer-employee relationship between KLLM and Boone.

Thus, before going further, we must determine whether KLLM is a broker or carrier within the meaning of the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"). The FAAAA defines a "broker" as a "person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2).

By contrast, the term "carrier means motor carrier[.]" 49 U.S.C. § 13102(3). The FAAAA defines a "motor carrier" as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). Accompanying federal regulations further define "motor carrier" as a "for-hire motor carrier or private motor carrier." 49 C.F.R. § 387.5. In turn, "for-hire carriage" refers to "the business of transporting, for compensation, the goods or property of another." *Id.* Thus, an entity is a motor carrier only when it "was operating as a for-hire motor carrier at the time of the accident." *Herrod v. Wilshire Ins. Co.*, 499 Fed. Appx. 753, 759 (10th Cir. 2012).

KLLM contends that it was operating as a broker at the time of the accident. As a broker, it merely arranged for the transportation of the freight by a motor carrier. Roemer Transport, according to KLLM, was the motor carrier. And Roamer Transport, as the motor carrier, provided its own driver, and that driver was Harley Boone. This is KLLM's argument.

As to the documents submitted by Plaintiffs in opposition to summary judgment—specifically, the documents reflecting that KLLM has both a federal broker DOT number and carrier DOT number—KLLM contends that this does not create a genuine issue of material fact. We agree. Although KLLM possesses broker and carrier status with the Federal Motor Carrier Safety Administration, Plaintiffs presented no evidence to show that in this instance KLLM was acting as a carrier.

Plaintiffs next attempt to meet their burden of producing factual support by arguing that the broker-carrier contract between KLLM and Roamer Transport was not signed by KLLM. The broker-carrier contract at issue is attached to the affidavit of KLLM's vice president of logistics, Cassie Icamina. The contract is styled "KLLM Logistics Services Broker-Carrier Transportation Agreement." And in the agreement, KLLM is identified as "Broker," and Roamer Transport is identified as "Carrier"; Roamer Transport agreed to perform transportation services for KLLM; Roamer Transport is specifically identified as an independent contractor; and it is expressly stated that KLLM had no right to control the services provided by Roamer Transport or its employees.

So, does Plaintiffs' argument as to KLLM's failure to sign the agreement have merit? In answering this question, we turn to La.Civ.Code art. 1837, which states that "[a]n act under private signature need not be written by the parties, but must be signed by them." The trial court astutely points out that there is a jurisprudential exception to this rule when one party has signed the agreement and the other party has availed himself of the agreement or taken actions evidencing acceptance thereof.

For example, in *Stevens Construction & Design, LLC v. Hillman*, 19-1329 (La.App. 1 Cir. 6/12/20) (unpublished), a homeowner who signed a contract with Stevens Construction opposed summary judgment by arguing that there was a

7

genuine issue of material fact regarding the existence of the contract because the construction company did not also sign the contract. The first circuit disagreed. The actions taken by Stevens Construction, including accepting an initial payment from the homeowner and undertaking work for several months, indicated its acceptance of the contract. Summary judgment was therefore affirmed.

In this case, KLLM clearly took actions indicating its acceptance of the broker-carrier agreement. The affidavit testimony of Icamina identifies the broker-carrier agreement at issue; Icamina states that she is familiar with the subject agreement, and that KLLM was in fact the broker for the load that was being hauled by Mr. Boone on behalf of Roamer Transport at the time of the accident. Accordingly, a valid broker-carrier agreement existed, and Plaintiffs' argument that KLLM's failure to sign the agreement created a genuine issue of material fact is without merit.

In the end, Plaintiffs were unable to produce factual support sufficient to establish the existence of a genuine issue of material fact. It is indisputable that KLLM was the "broker" and Roamer Transport was the "carrier" at the time of the accident. It is also indisputable that KLLM was not Harley Boone's employer at the time of the accident. Thus, Plaintiffs' first assignment of error is without merit, and the trial court's judgment granting the motion for summary judgment on vicarious liability is affirmed.

## II. KLLM's Second Motion for Summary Judgment

In its second motion for summary judgment, KLLM argues that the FAAAA preempts all state-law tort claims, including Plaintiffs' negligent-hiring claims.

"Preemption is an affirmative defense[.]" *Lupian v. Joseph Cory Holdings LLC*, 905 F.3d 127, 130 (3d Cir. 2018). "'A party defendant who asserts an

affirmative defense bears the burden of proof thereof.'" *Fin & Feather, LLC v. Plaquemines Parish Gov't*, 16-0256, p. 9 (La.App. 4 Cir. 9/28/16), 202 So.3d 1028, 1034 (quoting *New Amsterdam Cas. Co. v. Culotta*, 230 So.2d 339, 341 (La.App. 4 Cir. 1970)). KLLM therefore has the burden of proving the affirmative defense of preemption.

### A. FAAAA Preemption

In relevant part, the FAAAA provides:

> **(c) Motor carriers of property.--**
>
> > **(1) General rule.**--Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier (other than a carrier affiliated with a direct air carrier covered by section 41713(b)(4)) or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.
> >
> > **(2) Matters not covered.**--Paragraph (1)--
> >
> > > (A) shall not restrict the safety regulatory authority of a State with respect to motor vehicles[.]

49 U.S.C. § 14501.

The issue before us is a matter of first impression in Louisiana's courts of appeal: whether the FAAAA preempts negligent-hiring claims brought against a freight broker by people who have been injured in motor vehicle accidents. The Ninth Circuit is the only federal appellate court to address this issue. *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016 (9th Cir. 2020) (holding that the FAAAA would otherwise preempt negligent-hiring claims against brokers, but the safety exception saves these claims from preemption). And while many federal district

9

courts have addressed FAAAA preemption challenges with respect to negligence claims against brokers, the decisions from these courts are divided.[1]

**B.     *Does 49 U.S.C. § 14501(c)(1) Preempt Plaintiffs' Negligent-Hiring Claims?***

Section 14501(c)(1) preempts state laws that are "related to a price, route, or service of any . . . motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). Thus, the key question is whether section 14501(c)(1)'s text—preempting state laws that relate to a broker's services with respect to transportation—encompass Plaintiffs' negligent-hiring claims.

In *Miller*, 976 F.3d 1016, the plaintiff sustained injuries when his vehicle was struck by a tractor-trailer. The plaintiff sued the freight broker that arranged for the tractor-trailer to transport the goods, alleging that the broker negligently selected an unsafe motor carrier. The Ninth Circuit held that the plaintiff's negligence claim was related to the broker's services within the meaning of the FAAAA's preemption provision. In support of its holding, the court explained that

---

[1] As explained in *Bertram v. Progressive Southeastern Ins. Co.*, 2021 WL 2955740, *2 (W.D. La. 2021):

> The first group of courts found no FAAAA preemption of personal injury claims against brokers based on the conclusion that negligent hiring claims are not sufficiently "related to" the services of a broker. *See, e.g., Scott v. Milosevic*, 372 F. Supp. 3d 758, 769 (N.D. Iowa 2019); *Mann v. C.H. Robinson Worldwide, Inc.*, 2017 WL 3191516, at *7 (W.D. Va. July 27, 2017). The second group of courts rejected FAAAA preemption of common law negligence claims based on the safety regulatory exception. *See, e.g., Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016 (9th Cir. 2020); *Lopez v. Amazon Logistics, Inc.*, 458 F. Supp. 3d 505, 512 (N.D. Tex. 2020); *Popal v. Reliable Cargo Delivery, Inc.*, 2021 WL 1100097 (W.D. Tex. Mar. 10, 2021); *Grant v. Lowe's Home Ctr.*, 2021 WL 288372, at *3 (D.S.C. Jan. 28, 2021). Finally, the third group of courts have found that negligence claims against freight brokers are preempted under the FAAAA and do not fall within the safety exception. *See, e.g., Gillum v. High Standard, LLC et al.*, 2020 WL 444371 (W.D. Tex. Jan. 27, 2020); *Loyd v. Salazar*, 2019 WL 4577108, at *4 (W.D. Okla. Sept. 20, 2019); *Creagan v. Wal-Mart Trans., LLC*, 354 F. Supp. 3d 808, 812 (N.D. Ohio 2018).

the "selection of motor carriers is one of the core services of brokers." *See* 49 U.S.C. § 13102(2) (defining "broker," as it is used in the FAAAA, to mean "a person, other than a motor carrier . . . , that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation"); *see also* 49 C.F.R. § 371.2 (defining "brokerage service" as "the arranging of transportation"). Because Miller's negligence claim seeks to interfere at the point at which C.H. Robinson "arrang[es] for" transportation by motor carrier, it is directly "connect[ed] with" broker services[.]

*Id*. at 1024 (footnote omitted).

Turning back to KLLM's second motion for summary judgment. As a threshold matter, it is indisputable that KLLM is a broker under the FAAAA. KLLM, in support of its second motion, submitted the same documents that were attached to its first motion, including the affidavit of the company's vice president of logistics. As a broker, KLLM arranged for the transportation of goods by the motor carrier.

Thus, we adopt the legal analysis given in *Miller*, and we hold that Plaintiffs' negligent-hiring claims against KLLM relate to core broker services with respect to transportation and are thus within the scope of section 14501(c)(1). As such, these claims will be preempted unless the safety exception in section 14501(c)(2) applies.

### C. Do Plaintiffs' Negligent-Hiring Claims Fall Within the Scope of 49 U.S.C. § 14501(c)(2)?

Section 14501(c)(2) is the safety regulation preemption exception. This exception provides that the FAAAA's preemption "shall not restrict the safety regulatory authority of a State with respect to motor vehicles[.]" 49 U.S.C. § 14501(c)(2)(A). The issue herein is twofold: first, whether "the safety regulatory authority of a State" encompasses state law tort claims. And second, whether negligence claims against brokers that stem from motor vehicle accidents are "with respect to motor vehicles."

11

As to the first prong, the Ninth Circuit in *Miller*, 976 F.3d 1016, noted that the phrase "the safety regulatory authority of a State" is not defined in the FAAAA nor is there anything in the statute's text which clarifies its scope. "In general, however, courts have construed the safety exception broadly." *Id*. at 1026 (citing *City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424, 122 S.Ct. 2226 (2002); *Cal. Tow Truck Ass'n v. City & County of San Francisco*, 807 F.3d 1008 (9th Cir. 2015); and *VRC LLC v. City of Dallas*, 460 F.3d 607 (5th Cir. 2006)). With this in mind, the Ninth Circuit held that "'the safety regulatory authority of a State' encompasses common-law tort claims." *Miller*, 976 F.3d at 1026 (quoting 49 U.S.C. § 14501(c)(2)(A)).

The *Miller* court explained that in enacting the safety exception, Congress intended to ensure that its preemption over states' economic authority did not restrict the states' existing power over safety. "That power," according to *Miller*, "includes the ability to regulate safety through common-law tort claims." *Id*.

As to the second prong, the *Miller* court held that negligence claims against brokers arising out of motor vehicle accidents satisfy the "with respect to motor vehicles" language in the statute. *Id*. at 1030. The court explained that "with respect to" is synonymous with "relating to." *Id*. at 1026. Thus, the safety exception in section 14501(c)(2) exempts from preemption safety regulations that have a connection with motor vehicles, whether directly or indirectly. *Id*.[2]

Once again, this court agrees with the legal analysis and conclusions given in *Miller*. We find that the safety exception exempts Louisiana's power to regulate

---

[2] Under the FAAAA, a "motor vehicle" is defined in relevant part as "a vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway in transportation." 49 U.S.C. § 13102(16).

safety through state-law tort claims. We also find that Plaintiffs' negligent-hiring claims against KLLM arise out of a motor vehicle accident and are therefore "with respect to motor vehicles."

For these reasons, we hold that the safety regulation preemption exception in section 14501(c)(2) applies to negligent-hiring claims against brokers. Because of our holding, Plaintiffs' negligent-hiring claims against KLLM are not preempted by section 14501(c)(1) of the FAAAA.

Accordingly, Plaintiffs' second and third assignments of error have merit, and the trial court's grant of summary judgment as to preemption is reversed. In the end, even though KLLM established that there is no genuine issue of material fact, it failed to prove that it is entitled to summary judgment as a matter of law.

## DECREE

For the reasons set forth above, we affirm the judgment of the trial court granting KLLM's motion for summary judgment as to Plaintiffs' vicarious-liability claim.

However, we reverse the trial court's judgment granting KLLM's motion for summary judgment as to Plaintiffs' negligent-hiring claims, and we remand this matter to the trial court where Plaintiffs will be allowed to proceed with these claims.

The costs of the appeal are split equally between Gabriel LaGrange and Amanda LaGrange, individually and on behalf of their minor children, and KLLM Transport Services LLC d/b/a KLLM Logistics Services.

**AFFIRMED IN PART;**
**REVERSED IN PART AND REMANDED.**